UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| PENNEY JEAN MOFFAT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-884 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CONDOLEEZZA RICE, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| | ) | |

Presently pending before this court is a complaint brought by a plaintiff who styles herself Penney-Jean: Moffat, brought against Condoleezza Rice, the Secretary of State of the United States. The complaint cites numerous sections of the Uniform Commercial Code, as well as provisions of the United States Constitution and Michigan law. Although brought in this district, the complaint specifically alleges that the United States District Court for the District of Columbia is the proper venue. Beyond that, the nature of plaintiff's claim is not readily apparent, as the complaint is a concatenation of legalese and incomprehensible citations to commercial law. For relief, plaintiff asks this court to compel the Secretary of State to issue a "certificate of loss of citizenship," which plaintiff apparently believes will somehow divest the United States government of any authority it has over plaintiff.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the court has no hesitation in concluding that plaintiff's complaint is utterly frivolous. Plaintiff alleges no connection between her cause of action and this district that would give this court personal jurisdiction over the Secretary of State or create proper venue. Indeed, plaintiff affirmatively alleges that proper venue lies in the District of Columbia. More basically, the complaint does not assert any fact from which a court might conclude that the Secretary of State has in any way abridged plaintiff's federal rights or should be compelled to take any action with regard to plaintiff or her citizenship.

The court will therefore enter an order of dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2). The court will also deny plaintiff leave to appeal *in forma pauperis*, the court finding that any appeal would be frivolous and taken in bad faith.

Date:   December 21, 2006             /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE